**POWER AND COMBUSTION, INC.,**
**Appellant,**

v.

**Thomas J. WILSON, III, Trustee in Bankruptcy of the Pride of Virginia Poultry Corporation, Appellee.**

**No. 8468.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1962.

Decided Feb. 6, 1962.

938

George E. Brown, Jr., Baltimore, Md., for appellant.

George S. Aldhizer, II, Harrisonburg, Va., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

Conditional vendor of equipment to a corporation, subsequently adjudicated bankrupt, seeks review of an order denying its petition for reclamation of its equipment. Its petition was denied because the Trustee had entered into a contract to sell all of the assets of the debtor, including the equipment which the conditional vendor seeks to repossess. The sale has not been consummated, however, and the prospective purchaser apparently denies any obligation to comply with its contract. When, if ever, the sale will be consummated is now quite uncertain. Under these circumstances, we think the rights of the conditional vendor cannot be held indefinitely in suspension.

On February 25, 1958, Power and Combustion, Inc., the claimant here, sold a steam generator to the Pride of Virginia Poultry Corporation. At the time only $1,000 was paid on the purchase price of $11,131, the unpaid balance being secured by a conditional sales contract providing for monthly payments of $281 until the balance of the purchase price had been paid in full. This conditional sales contract was properly recorded in Shenandoah County, Virginia on February 26, 1958. When Pride of Virginia Poultry Corporation was adjudicated bankrupt, something over $5,000 of the purchase price of the steam generator remained unpaid.

In April 1959, an involuntary petition in bankruptcy was filed against Pride of Virginia Poultry Corporation. After an unsuccessful attempt to effect an arrangement under Chapter XI,[1] a Trustee was appointed and the proceedings were continued in straight bankruptcy.

1. See Pride of Virginia Poultry Corporation v. Rocco Feeds Incorporated, 4 Cir., 270 F.2d 852.

On October 13, 1959, Power and Combustion, Inc. filed a petition to reclaim the generator, title to which it had retained in its conditional contract of sale.[2] Thereafter, there were several meetings of creditors, notice of which Power and Combustion, Inc. contends it did not receive. Following a meeting of the creditors held on November 10, 1959, the Trustee was directed by the Referee to attempt to negotiate a private sale of all assets, excluding certain motor vehicles. This order provided that the sale of the assets should be free of all liens, and that the liens should attach to the proceeds of sale.

Many months later, the Trustee reported that he had negotiated a sale of the assets to Caroline Poultry Farms, Inc. of Federalsburg, Maryland for $145,000. This contract of sale provided that the purchaser would either pay, or assume the payment of, certain secured claims, including that of Power and Combustion, Inc., aggregating approximately $38,000, while it would pay the remainder of the purchase price in cash to the Trustee. A meeting of the creditors was called, to be held on September 30, 1960, to consider the confirmation of this sale. An order by the Referee confirming the sale to Caroline Poultry Farms, Inc. was entered on November 9, 1960.

Thereafter, Virginia's State Water Control Board indicated objection to the deposit of animal wastes from the operation of the plant into the sewers of New Market, Virginia, unless additional treatment and disposal facilities were provided by the operator of the plant or by New Market. Because of this development, Caroline Poultry Farms, Inc. has not complied with its purchase contract. The Trustee has initiated proceedings to

require it to comply with its contract and has participated in negotiations looking toward an agreement by which the proposed sale can be consummated. In the meanwhile, more than a year has elapsed; the sale has not been consummated, and the claim of the conditional vendor remains unpaid and unsatisfied.

Whether the claimant here received notice of the meetings of the creditors, as the record of the proceedings indicates and as the District Court found, it is clear that the claimant did know of the sale negotiated by the Trustee and confirmed by the Referee on November 9, 1960. Shortly thereafter, it conditionally delivered to the Trustee an instrument releasing its retained title and lien, for use by the Trustee in the closing and the final settlement with Caroline Poultry Farms, Inc. It is equally clear, however, that the consent of the claimant to the proposed sale and the satisfaction of its claim out of the proceeds of sale, implicit in its failure to object to the sale or to its confirmation, and in its delivery of an instrument to be used in the closing of the transaction, was founded upon the conviction, then shared by everyone concerned, that the sale of the debtor's assets to Caroline Poultry Farms, Inc. would go through promptly, and that payment of the remaining balance on the generator purchase contract would be made soon and in due course.

The conditions under which the claimant acted, however, were greatly changed when the complicating question of waste disposal was injected into the situation, with the result that the prospective purchaser of the debtor's assets sought complete escape from his bargain. Instead of a prompt conclusion of the matter, which was expected in November 1960, many months have elapsed, and, on

---

2. The petition was filed notwithstanding the failure of the claimant to prepay the requisite filing fee of $10. Later it paid the $10 filing fee when its earlier omission was called to its attention. The Referee based his denial of the reclamation petition, in part, upon the failure to prepay the filing fee. The District Court, however, did not rest its order,

supporting the conclusion of the Referee, upon that ground. We think it immaterial, for the petition had been filed despite the fact that the requisite fee had not been prepaid, and, in any event, since the reclamation petition may be filed at any time, the subsequent payment of the fee would revive the previously filed petition.

the date of the hearing in this court, January 10, 1962, there is no assurance when, if ever, Caroline Poultry Farms, Inc. will comply with its purchase agreement.

■ Generally, of course, when a conditional vendor of a chattel retains the title until the purchase price has been paid in full, a trustee in bankruptcy of the conditional vendee cannot acquire the vendor's title. After default in making the required payments, the trustee of the conditional vendee has only the debtor's right to defeat reclamation by a payment of the balance of the purchase price.[3]

■ The bankruptcy court, of course, has the power to delay the conditional vendor in an exercise of its right of reclamation for a reasonable and limited period of time. We are referred to no authority, however, which suggests that the conditional vendor may be delayed indefinitely after an exercise of its right of reclamation has already been postponed during a prolonged period. It may be that the terms of the proposed sale to Caroline Poultry Farms, Inc. is advantageous from the point of view of the general creditors, and a determined effort on the part of the Trustee to enforce compliance by Caroline Poultry Farms, Inc. may be in the interest of those creditors. In the meanwhile, however, the security of this conditional vendor is depreciating in value. Idle in this long idle plant, actual depreciation may be much greater than that normally expected of a steam generator in regular use and with regular maintenance. Further extended delay, therefore, may be in the interest of the general creditors, but their interest should not be pursued to the disadvantage of the conditional vendor and to the prejudice of its security.

■ We were informed during oral argument that the Trustee has on hand cash with which he could pay the claim of Power and Combustion, Inc. in full. If it is in the interest of the general creditors to pursue their remedies against Caroline Poultry Farms, Inc., the Trustee should make prompt arrangement to pay this claim, the only real right the debtor had and to which the Trustee has succeeded. Otherwise, the conditional vendor is effectively denied his recognized remedies. The Trustee's hope, whatever its warrant, of gain for the advantage of the general creditors by pursuit of his remedies against Caroline Poultry Farms, Inc. may not be realized until sometime in the far and indefinite future. When realization of the hope is so uncertain, the hope cannot justify an indefinite postponement of the exercise of the right of reclamation after such long delay has already occurred.

Under the circumstances, it appears appropriate to remand the case, with instructions that the Trustee should be authorized and directed to pay the claim of Power and Combustion, Inc. in full, unless, of course, he has no funds on hand which may be used for that purpose, or unless some other valid reason for nonpayment shall be made to appear. If for any reason payment in full to Power and Combustion, Inc. cannot be made within a reasonable time,[4] reclamation should be allowed without further delay.

Remanded.

---

3. See IV Collier on Bankruptcy, 14th Ed., § 70.19[9], p. 1124, et seq. There is no suggestion here of any infirmity in the instrument or in its recording. No other facts appear which could form the basis of a contention that a levy by a judgment creditor, at the moment of bankruptcy, would have given the judgment creditor a lien on the generator superior to the interest of the conditional vendor. See § 70, sub. c. of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c.

4. Unless some very extraordinary circumstance should arise, we think a reasonable time should not exceed thirty to sixty days.